IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAWD PATHOLOGY GROUP, PA  )
*et al*,                  )
                          )
            Plaintiffs,   )
                          )
v.                        )   Case No.: 22-2272-EFM-KGG
                          )
CIGNA HEALTHCARE OF       )
ST. LOUIS, INC. *et al.*, )
                          )
            Defendants.   )
_____)

## SHOW CAUSE ORDER

Plaintiffs filed this federal court breach of contract action against Defendants.  (Doc. 1.)  Although the Complaint alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332 (*id*., at 3), the Complaint alleges contradictory facts that make it impossible for the Court to confirm whether diversity of citizenship exists.

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction … ." **Henderson ex rel. Henderson v. Shinseki**, 562 U.S. 428, 434, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011).  As such, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press."

1

*Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the court, on its own, "must dismiss the cause at any stage of the proceedings … ." ***Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.***, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed.R.Civ.P. 12(h)(3).

Pursuant to 28 U.S.C.A. §1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

"Diversity jurisdiction requires complete diversity – no plaintiff may be a citizen of the same state as any defendant." ***Grynberg v. Kinder Morgan Energy Partners, L.P.***, 805 F.3d 901, 905 (10th Cir. 2015). Simply stated, diversity is absent when citizens of the same state are on both sides of the case.

To establish diversity jurisdiction, the organizational structure determines the citizenship of a business entity. For instance, the citizenship of a corporation is

both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located.  28 U.S.C. § 1332(c)(1); ***Newsome v. Gallacher***, 722 F.3d 1257, 1267 (10th Cir. 2013).  On the other hand, citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members.  ***Siloam Springs Hotel, LLC v. Century Sur. Co.***, 781 F.3d 1233, 1234 (10th Cir. 2015).

The Complaint sufficiently alleges that the corporate Defendants are not citizens of Kansas.  (Doc. 1, at 4.)  The allegations regarding the citizenship of Plaintiffs are, however, complicated.

The caption of the Complaint and introduction indicate that each of the three individual Plaintiffs is a Kansas *professional association* with a principal place of business in Lenexa, Kansas.  (*Id.*, at 1.)  As stated above, citizenship for an unincorporated association is determined by the citizenship of each of its members.  ***Siloam Springs Hotel, LLC***, 781 F.3d at 1234.  The Complaint does not make any reference to the members of the association(s).  (*See generally* Doc. 1.)

That stated, the Complaint continues that each of the Plaintiffs is a "P.C." or *professional corporation*.  (*Id.*, at 3.)  As discussed above, the determination of and criteria for citizenship of a corporate Plaintiff is different from that of an unincorporated association.  Each of the Plaintiffs is either an association (P.A.) or

a corporation (P.C.), not both as alleged.  In order for the Court to make a determination as to the sufficiency of the allegations of diversity, Plaintiffs must clarify its organizational structure.

**IT IS THEREFORE ORDERED** that within **30 days of the date of this Order**, Plaintiffs shall file a status report, with affidavits attached, properly alleging and demonstrating the citizenship of Plaintiffs and showing cause as to why the undersigned Magistrate Judge should not recommend to the District Court that the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 2nd day of August, 2022, at Wichita, Kansas.

/S Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE